# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

No. 12-30419
Summary Calendar

Lyle W. Cayce
Clerk

WILLIE GROSS, JR.,

Plaintiff-Appellant

v.

NEWELL NORMAND, Jefferson Parish Sheriff in his official capacity; GARY
COOK, Lieutenant, in his individual capacity and official capacity as lieutenant
for sheriffs office; H. SYLVE, Shift Sergeant; LOUIS ANCAR, Deputy; T.
KELLY, Deputy; C. EMMANUEL, Deputy; L. GRANDSART, Deputy; A.
FARRIS, Deputy; E. USSIN, Deputy; B. COHEN, Deputy; C. SIMMONS,
Deputy; K. CALCAGNO, Deputy; A. MATHERNE, Deputy; S. JOHNSON,
Deputy,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-446

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Willie Gross, Jr., Louisiana
prisoner # 130126, filed a 42 U.S.C. § 1983 complaint and appeals from the
district court's order that stayed his claims concerning the destruction of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

legal materials and that dismissed his other claims. "This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987).

Our jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Under Federal Rule of Civil Procedure 54(b), a decision that adjudicates fewer than all the claims may be considered on appeal if the district court expressly determines that there is no just reason for delay and expressly directs entry of judgment. A district court satisfies the requirements for entering an order of final judgment under Rule 54(b) "[i]f the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b) . . . ." *Kelly v. Lee's Old Fashioned Hamburgers, Inc.,* 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc).

The district court's order does not indicate that the district court intended for it to be a partial final judgment under Rule 54(b). *See id.* Accordingly, this court is without jurisdiction, and the appeal is dismissed.

APPEAL DISMISSED.